IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HAYDEE BERNADETTE CLAUDIO | : | CIVIL ACTION |
| NORMAN JAY DOMINO | : | |
| | : | |
| v. | : | |
| | : | |
| DEPARTMENT OF HUMAN SERVICES | : | NO. 12-5487 |
| SARGENT STEPHEN JOHNSON | : | |

FILED
OCT 15 2012
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

### MEMORANDUM

DUBOIS, J.                                                                                    OCTOBER 12, 2012

Plaintiffs Haydee Bernadette Claudio and Norman Jay Domino bring this action against the Philadelphia Department of Human Services ("DHS") and Sargent [sic] Stephen Johnson of the Philadelphia Police Department. They seek to proceed in forma pauperis. For the following reasons, the Court will grant plaintiffs leave to proceed in forma pauperis and dismiss their Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiffs' allege in the Complaint that DHS "illegally" removed their daughter from their custody on April 1, 2010, with the assistance of Sergeant Johnson. (Compl. ¶ III.C.) Documents attached to the Complaint reflect that DHS had obtained an order from the Family Court Division of the Philadelphia Court of Common Pleas authorizing the removal of the child from plaintiffs' home with police assistance. However, plaintiffs state that Johnson and DHS "failed to provide proper documents at the time of the event." (Id.) Plaintiffs ask this Court to "prosecute all parties involved in this case" and to award damages in light of the "pain and suffering [and] physical and emotional distress cause[d] by the abduction." (Id. ¶ V.) The Complaint does not describe the injuries allegedly sustained by plaintiff, Haydee Bernadette Claudio, as a result of the incident. However, plaintiffs attached to the Complaint records of medical treatment of Ms. Claudio on April 20, 2010.

The Court grants plaintiffs leave to proceed in forma pauperis because they have satisfied the criteria set forth in 28 U.S.C. § 1915.  Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies.  That provision requires the Court to dismiss the Complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune.  The question whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted).  Furthermore, if an affirmative defense is obvious from the face of the Complaint, and if no development of the record is necessary, the Court may dismiss any facially invalid claims sua sponte.  See Ray v. Kertes, 285 F.3d 287, 297 (3d Cir. 2002).  As plaintiffs are proceeding pro se, the Court must construe their allegations liberally.  Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

It appears that plaintiffs are raising constitutional claims under 42 U.S.C. § 1983 based on the allegedly unlawful seizure of their child and Sergeant Johnson's conduct during that incident.  In § 1983 actions, federal courts apply the statute of limitations governing personal injury claims in the state where the cause of action arose.  Wallace v. Kato, 549 U.S. 384, 387 (2007).  In Pennsylvania, where plaintiffs' claims arose, the relevant statute of limitations is two years.  See 42 Pa. Cons. Stat. § 5524(2) & (7).  The limitations period began running "when the plaintiff[s] knew or should have known of the injury upon which [their] action is based."  Sameric Corp. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998).

2

There is no question that plaintiffs were aware of the allegedly unlawful removal of their daughter at the time that DHS and Sergeant Johnson took their daughter from their home without "proper documents" on April 1, 2010. (Compl. ¶ III.C.) Additionally, plaintiff, Haydee Bernadette Claudio was aware of any physical injuries she claims to have suffered as a result of Sergeant Johnson's conduct by that date or shortly thereafter. However, plaintiffs did not initiate this action until September 25, 2012, several months after the statute of limitations expired. Accordingly, it is apparent that their claims are time-barred.[1] See Lebar v. Bahl, 245 F. App'x 219, 220 (3d Cir. 2007) (per curiam) (concluding that claims were time-barred when plaintiff failed to file suit within two years of "when the agency took his daughter into custody and failed to follow proper procedure in reviewing her status," which formed the basis for his alleged injuries). Thus, the Complaint must be dismissed as untimely filed.

Leave to amend a complaint should be granted only where amending the complaint would not be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 113-14 (3d Cir. 2002). In this case the Court concludes that, because plaintiffs' claims are clearly barred by the applicable two-year statute of limitations, amendment would be futile. Therefore, leave to amend is not granted.

An appropriate order follows.

---

[1] Furthermore, there is no apparent basis for tolling. See 42 Pa. Cons. Stat. § 5504 (allowing for tolling based on fraud or its equivalent); see also Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010) (explaining that state law on tolling applies in § 1983 actions unless inconsistent with federal law).